UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN JACOBY<br>46 North 4th Street<br>Bangor, PA 18013<br><br>　　　　Plaintiff,<br><br>v.<br><br>DERMONE, LLC<br>111 West Water Street<br>Toms River, NJ, 08753<br><br>　　　　Defendant. | CIVIL ACTION<br><br>CASE NO.: _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Dawn Jacoby (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against DermOne LLC (hereinafter referred to as "Defendant" unless otherwise indicated), and avers as follows:

### INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA") and the New Jersey Family Leave Act ("NJFLA"). As a result of Defendant's unlawful actions, Plaintiff has suffered the damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States. This Court may maintain supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a Limited Liability Company organized under the laws of New Jersey that is in the business of providing dermatology services.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9. Defendant is an "employer" within the meaning of the Family and Medical Leave Act because at all times relevant herein, Defendant has employed at least fifty (50) or more full-time employees within the present or preceding calendar year and engages in a business that affects interstate commerce.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff worked for Defendant for more than 2 years.

12. Plaintiff was terminated from Defendant in or about September of 2013.

13. At the time of Plaintiff's termination, she had been employed by Defendant as a receptionist.

14. In or about August of 2013, before Plaintiff's termination, Plaintiff requested a medical leave of absence to care for her mother who was suffering from leukemia and submitted all necessary documentation supporting her need for medical leave.

15. On or about August 27, 2013, Defendant approved Plaintiff's request for medical leave pursuant to the FMLA.

16. In an effort to exercise her FMLA rights, Plaintiff requested permission to leave work early due to her mother's medical condition on multiple occasions.

17. When Plaintiff attempted to exercise her FMLA rights by taking intermittent leave to care for her mother, Plaintiff was told to wait, and that her manager, Kim Garcia, would get back to her.

18. Plaintiff's calls were not returned on days in which Plaintiff attempted to exercise her need for intermittent leave under the FMLA, and Plaintiff was thus unable to take medical leave on those days.

19. On or about September 12, 2013, Plaintiff received a telephone call from her manager during which Ms. Garcia suggested that Plaintiff resign.

20. Plaintiff was experiencing significant antagonism from Garcia for trying to take time off to care for her mother, as Garcia would on some instances have had to relieve Plaintiff and travel a significant distance.

21. On or about September 12, 2013, after having been asked to resign to further dissuade Plaintiff from using FMLA, Plaintiff wrote an e-mail in response expressing displeasure with Defendant's hostility towards her.

22. Approximately 4 days after writing the aforesaid September 12, 2013 e-mail, Defendant terminated Plaintiff.

23. Plaintiff believes and therefore avers that she was terminated by Defendant due to her need to take a medical leave of absence.

### Count I
### Violation of the Family and Medical Leave Act ("FMLA")
(Interference & Retaliation)

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

26. Plaintiff requested intermittent and/or block leaves from Defendant, her employer, with whom she had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

27. Plaintiff had at least 1,250 hours of service with Defendant during the prior twelve (12) months.

28. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

29. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1) and for a total of twelve (12) work weeks of leave in order to care for her mother's serious health conditions.

30. Defendant ignored Plaintiff's requests to take her approved medical leave.

31. Because Defendant ignored her requests, leave was not taken on those days.

32. When Plaintiff expressed displeasure with the way her management had handled her medical leave, she was terminated.

33. Plaintiff was terminated in exceedingly close proximity to requesting FMLA leave and shortly after attempting on multiple instances to utilize such leave.

34. Plaintiff was: (a) unlawfully prevented from exercising her right to take intermittent leave; (b) improperly dissuaded from using FMLA leave; (c) terminated for seeking and attempting to exercise her FMLA rights and/or to prevent her from further using FMLA in the future.

35. These actions as aforesaid constitute unlawful interference and retaliation under the Family and Medical Leave Act.

## Count II
### Violations of the New Jersey Family Leave Act ("NJFLA")
### (Interference & Retaliation)

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. These actions as aforesaid constitute unlawful interference and retaliation under the New Jersey Family Leave Act.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/interference at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.  Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
Attorney for Plaintiff
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020

Dated: October 15, 2013